UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:18-cr-00014-JMS-CMM |
| | ) | |
| DONALD C. LEEHY, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER

On December 1, 2021, the Court held a Competency Hearing in this matter.  This Order sets forth the Court's findings from that hearing.

## I.
### BACKGROUND

**A.    Procedural History**

On April 25, 2018, Defendant Donald Leehy was indicted on one charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), stemming from a February 27, 2018 incident.  [Filing No. 1.]  The Police Report from the February 27, 2018 incident reflects that officers with the Vincennes Police Department were dispatched to a possible burglary in progress at 1304 N. 13th Street in Vincennes, Indiana.  [Filing No. 88-1 at 1.]  When they arrived, officers determined that an individual had entered the side window of a residence and had exited through the rear door.  [Filing No. 88-1 at 1.]  The residence, which had cameras mounted, had been ransacked.  [Filing No. 88-1 at 1.]  After reviewing the camera footage, officers identified Mr. Leehy as a suspect.  [Filing No. 88-1 at 1.]  Officers went to Mr. Leehy's house at 907 N. 11th Street in Vincennes and found various items that had been stolen from the 13th Street house.  [Filing No. 88-1 at 6-7.]  Mr. Leehy was subsequently arrested.  [Filing No. 88-1 at 7.]

An initial appearance was held on May 21, 2018, at which Mr. Leehy's counsel orally moved for an order directing a mental health assessment. [Filing No. 14.] On May 23, 2018, the Magistrate Judge entered an Order finding that, after questioning Mr. Leehy, "there is reasonable cause to believe that [he] may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." [Filing No. 17 at 2-3.] The Magistrate Judge ordered that Mr. Leehy be transferred to a suitable facility for a mental health evaluation. [Filing No. 17 at 3-4.]

On August 8, 2018, Forensic Psychologist Samantha DiMisa submitted a Mental Competency Evaluation in which she stated that Mr. Leehy suffers from "Schizoaffective Disorder, Bipolar Type, Continuous" and a "Neurocognitive Disorder due to Traumatic Brain Injury, Mild." [Filing No. 23 at 24.] She opined that Mr. Leehy "does not currently possess a rational or factual understanding of the proceedings against him, the capacity to assist legal counsel in his defense, or the ability to adequately make decisions regarding his legal strategy." [Filing No. 23 at 24.] The Court held a Mental Competency Hearing on September 12, 2018, during which it confirmed the parties' agreement that Mr. Leehy was not competent and ordered that Mr. Leehy be held in a facility where future evaluation for mental competency could occur. [Filing No. 26.]

**B.    Forensic Evaluations**

After the Court's initial finding that Mr. Leehy was not competent, doctors for the Bureau of Prisons ("BOP") and a doctor retained by Mr. Leehy's counsel submitted reports for the Court's consideration, including:

- An April 3, 2019 Forensic Evaluation by Dr. Gillespie Wadsworth, a Forensic Psychologist for the BOP, and Dr. Tracy O'Connor Pennuto, a

Neuropsychologist for the BOP.  [Filing No. 34.]  Drs. Wadsworth and Pennuto concluded that Mr. Leehy "has worked to address and remediate previously identified areas of concern," and that he is "competent to proceed at this time." [Filing No. 34 at 20.]

- A July 17, 2020 Report by Dr. Polly Westcott, a Clinical Neuropsychologist with Indiana Health Group who was retained by Mr. Leehy's counsel.  [Filing No. 66-1.]  Dr. Wescott diagnosed Mr. Leehy with "Major Neurocognitive Disorder secondary to traumatic brain injury," "Schizoaffective disorder, chronic," and "Polysubstance use by history (in remission due to incarceration)," and opined that he is not mentally competent to stand trial and/or assist in his defense.  [Filing No. 66-1 at 4-6.]

- A May 28, 2021 Forensic Evaluation by Dr. Pennuto and Dr. Brianna Grover, a Forensic Psychologist for the BOP.  [Filing No. 73.]  Drs. Pennuto and Grover concluded that "although Mr. Leehy suffers from a mental disease or defect, the symptoms are not of sufficient severity to render him not competent to proceed at this time."  [Filing No. 73 at 26.]

- A September 9, 2021 Independent Neuropsychological Re-Evaluation by Dr. Westcott, in which she concluded that Mr. Leehy could "[w]ith great repetition,…regurgitate basic information taught in competency classes," but "does not fully understand basic legal processes" and is not competent to stand trial.  [Filing No. 84-1 at 6.]

### C.    December 1, 2021 Competency Hearing

At the December 1, 2021 hearing, the Government called Drs. Wadsworth, Grover, and Pennuto to testify regarding their evaluations of Mr. Leehy.  All three testified that they believe Mr. Leehy is competent to stand trial because he understands the nature and consequences of the proceedings and can properly assist in his defense.  [Filing No. 90 at 5-97.]  Conversely, Mr. Leehy's counsel called Dr. Westcott to testify, and she reiterated the conclusion in her Reports that

Mr. Leehy is not competent to stand trial.[1]  [Filing No. 90 at 125-151.]  Mr. Leehy also testified, and was questioned by his counsel[2] and by counsel for the Government.

## II.
### LEGAL STANDARD

"A criminal defendant must be mentally competent to stand trial." *Burt v. Uchtman*, 422 F.3d 557, 564 (7th Cir. 2005).  18 U.S.C. § 4241(d) provides that if, after a hearing conducted pursuant to 18 U.S.C. § 4247(d):

> [T]he court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

Under § 4247(d), a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding…and…a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *see also United States v. Ross*, 510 F.3d 702, 712 (7th Cir. 2007).  "The fact that a person suffers from a mental illness does not mean that he's incompetent to stand trial.  He need only be able to follow the proceedings and provide the information that his lawyer needs in order to conduct an adequate defense, and to participate in certain critical decisions, such as whether to appeal." *Price v. Thurmer*, 637 F.3d 831, 833-34 (7th Cir. 2011).  Once the issue of mental competency has been raised, it is the Government's burden to prove by a preponderance of the evidence that the

---

[1] The parties stipulated at the December 1, 2021 hearing that Drs. Wadsworth, Grover, Pennuto, and Westcott are all qualified to testify regarding Mr. Leehy's mental competency, and the Court agrees.

[2] Defense counsel's questioning was open-ended and non-leading, and the Court finds that Mr. Leehy's testimony represented his actual beliefs and demeanor.  The Court does not believe Mr. Leehy is capable of feigning incompetency.

defendant is competent to stand trial.  *United States v. Teague*, 956 F.2d 1427, 1431 (7th Cir. 1992).

### III.
#### DISCUSSION

The Court notes at the outset that both the Government and Mr. Leehy's counsel agree that Mr. Leehy suffers from some degree of cognitive impairment related to a traumatic brain injury that he suffered in 1988.  They disagree, however, regarding the extent of that cognitive impairment and whether it renders him incompetent to stand trial in this matter.  In order to make that determination, the Court considers in turn: (1) whether Mr. Leehy is able to "understand the nature and consequences of the proceedings against him"; and (2) whether he is able to "assist properly in his defense."  *See* 18 U.S.C. § 4241(d).

### A.      Understand Nature and Consequence of the Proceedings

As noted above, Drs. Wadsworth, Grover, and Pennuto all testified at the December 1, 2021 hearing that Mr. Leehy is able to understand the nature and consequences of the proceedings against him.  Dr. Westcott disagreed.

While the Court acknowledges that Mr. Leehy is aware of who many of the participants in his trial would be (*e.g.*, the Judge, the prosecutor, his attorney), his awareness of their roles is vague and oftentimes incorrect.  For example, Mr. Leehy testified that both the prosecutor and the Court could call him as a witness at trial, that the jury would decide his sentence, and that the Judge "[p]roves you are innocent or guilty."  [Filing No. 90 at 116-120.] He also did not understand the ramifications of the competency hearing, testifying that he thought that if the Court found him competent at the hearing, hopefully he would "get out" that same day.  [Filing No. 90 at 116.]

Most significantly, Mr. Leehy does not understand the nature of the charge against him. At the December 1, 2021 hearing, he was able to state that the charge against him is "possession

of a firearm by a convicted felon," but disagreed that he was charged with "felon in possession of a firearm" and maintained that those two charges are different. [Filing No. 90 at 109.] The Court finds that his stubborn insistence indicates that while Mr. Leehy is capable of repeating a version of the charge against him, likely after it has been repeated to him many times, he does not understand what the charge means. Additionally, Mr. Leehy's testimony at the December 1, 2021 hearing indicates that he believes his charge stems from an incident on January 9, 2018 when he believes he was arrested after purchasing a gun at a grocery store, rather than stemming from the February 27, 2018 burglary. [*See* Filing No. 90 at 110-115.] His recounting of this alleged purchase is detailed and has been consistent over time. However, there is no evidence that such an event ever occurred, and the Court concludes that it did not. Mr. Leehy is delusional[3] about why he was arrested and under what circumstances.

Based on the evidence before it, the Court finds that Mr. Leehy does not understand the nature and consequences of the proceedings against him. *See* 18 U.S.C. § 4241(d). While this determination would be sufficient to support a finding of mental incompetency, the Court also considers whether Mr. Leehy can properly assist in his defense.

### B.    Properly Assist in Defense

Drs. Wadsworth, Grover, and Pennuto also testified at the December 1, 2021 hearing that Mr. Leehy is able to properly assist in his defense in this matter, and Dr. Westcott testified that she believes he is not able to do so.

In order to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *Dusky*, 362 U.S. at 402; *see also*

---

[3] The Court notes that Mr. Leehy exhibited additional delusional beliefs, including, for example, that Farah Fawcett was his neighbor and that he lived with her during his youth in southwest Indiana.

*Woods v. McBride*, 430 F.3d 813, 817 (7th Cir. 2005). Here, the Court's analysis starts and ends with whether Mr. Leehy understands the charge against him such that he can assist in the defense of that charge. As discussed above and most significantly, Mr. Leehy believes that this case relates to a January 9, 2018 incident in which he purchased a gun from a grocery store and was soon after arrested – an incident and arrest that never took place. He has repeatedly focused on this incident with his counsel, insisting that counsel obtain evidence from the store. He also believes that he has been in the Knox County Jail since January 9, 2018 and, specifically, that he was in jail on the day of the burglary that forms the basis of this charge. His fixation on a different day and a different event as the basis for the charge against him in this case prevents him from being able to properly assist in his defense.

The Court recognizes that the BOP medical experts, Drs. Wadsworth, Grover, and Pennuto, spent more time with Mr. Leehy than Dr. Westcott. However, Drs. Wadsworth, Grover, and Pennuto also failed to ask relevant follow-up questions in many instances. For example, follow-up questions in connection with a discussion of the charge against Mr. Leehy would have uncovered his belief that the charge is based on a January 9, 2018 gun-purchase incident, but those questions were never asked. [*See, e.g.*, Filing No. 90 at 25-26 (Dr. Wadsworth testifying that she did not ask Mr. Leehy "specific questions related to the incident" that forms the basis for his charge, including the date of the incident).] And while Drs. Grover and Pennuto testified that Mr. Leehy's cognitive deficiencies were mild and that he could use strategies to compensate for his learning and memory difficulties such as taking notes, [Filing No. 90 at 52; Filing No. 90 at 61-62], they failed to demonstrate that their suggested strategies would assist Mr. Leehy. The Court concludes they would not. Indeed, none of the BOP medical experts testified that Mr. Leehy does or can, in fact, use those strategies.

In short, Drs. Wadsworth, Grover, and Pennuto seemed intent on finding Mr. Leehy competent, and on ignoring anything that was inconsistent with such a finding.  The Court cannot fathom how Mr. Leehy can assist in his defense when he does not even understand the underlying facts upon which the charge against him is based.  After considering the medical experts' reports and the testimony presented at the December 1, 2021 hearing, the Court finds that the Government has failed to demonstrate by a preponderance of the evidence that Mr. Leehy is able to assist in his defense.

Based upon this finding, and upon the Court's finding that Mr. Leehy does not understand the nature and consequences of the proceedings against him, the Court finds that Mr. Leehy is not mentally competent to stand trial in this matter.  The Court further finds that there is no evidence before it that Mr. Leehy is capable of regaining competency.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **FINDS** that Mr. Leehy is not competent to stand trial in this matter.  The Court **SETS** an attorney-only Status Conference for **10:00 a.m.** on **February 16, 2022** in Room 202, United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana.  In preparation for the Status Conference, counsel shall be prepared to discuss the ramifications of 18 U.S.C. § 4246 on the next steps in this case.

Date: 1/13/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

8